# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| BETTY WILDER, | : | |
| Petitioner, | : | Case No. 3:06CV398 |
| vs. | : | District Judge Walter Herbert Rice |
| | | Magistrate Judge Sharon L. Ovington |
| STATE OF OHIO[1], | : | |
| | : | |
| Respondent. | | |

## REPORT AND RECOMMENDATIONS[2]

This habeas corpus case is brought *pro se* by Petitioner Betty Wilder seeking a writ of habeas corpus under 28 U.S.C. §2254 challenging her conviction for Possession of Cocaine. This case is before the Court upon Wilder's Petition (Doc. #1), Respondent's Answer/Return of Writ (Doc. #8), Wilder's Reply Memorandum in Opposition (Doc. #9), and the record as a whole.

### I. FACTUAL BACKGROUND

The Second District Court of Appeals set forth the facts of this case on direct appeal as follows:

> During a controlled buy on April 26, 2004, Wilder, Katherine Smith, and Christopher Gibson, in a car driven by Raymond Hairston, met with undercover Dayton Police Officers in the parking lot of the Pinewood Shopping Center in Dayton, Ohio. Hairston had a large baggie of crack cocaine in his hand, and

---

[1] Pat Andrews is the Warden of the Ohio Reformatory for Women and is the proper respondent.

[2] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

> another baggie of crack cocaine lay in the console between the seats of the car. Officers also discovered crack cocaine in a container in Wilder's pocket.
>
> Following an indictment, Wilder pled guilty, on August 24, 2004, to possession of crack cocaine in an amount less than one gram in violation of R.C. 2925.11(A). The trial court sentenced Wilder to five years of community control and suspended her driver's license for six months (case number 2004 CR 1534).
>
> On September 24, 2004, Wilder was again arrested and indicted for possession of crack cocaine based on the events of April 26, 2004, this time in an amount equal to or in excess of 25 grams but less than one hundred grams. This subsequent arrest and indictment occurred after Wilder testified at Hairston's trial that the baggie of crack cocaine (27 grams) retrieved from the console of the car belonged exclusively to her. According to Wilder, she purchased it earlier in the day from a man on Third Street with the proceeds of her disability check. Following his trial, Hairston was convicted and sentenced to seven years at the Ohio Department of Rehabilitation and Corrections. Wilder was later tried on the additional possession charge (case number 2004 CR 3382). The State introduced the inculpatory statements that Wilder made at Hairston's trial, and the jury found Wilder guilty of possessing 27 grams of cocaine.
>
> Before sentencing, Wilder moved the court for a "dismissal and/or acquittal of any and all charges" against her pursuant to Crim. R. 29, or, in the alternative, for a new trial, pursuant to Crim. Rule 33, arguing that the second prosecution violated the Double Jeopardy Clause of the United States Constitution. The trial court held that Wilder's offense in case number 2004 CR 1534 was separate and distinct from her offense in case number 2004 CR 3382. The trial court sentenced Wilder to three years imprisonment, and it administratively terminated case number 2004 CR 1534.

*State v. Wilder* (Apr. 21, 2006)*,* Montgomery App. No. 20966, 2006 Ohio 1975, 2006 Ohio App. LEXIS 1803.

## II. PROCEDURAL BACKGROUND

### A. PETITIONER'S STATE CONVICTION

Wilder, along with two co-defendants, was indicted by the January 2004 term of the Montgomery County, Ohio Grand Jury on one count of Possession of Cocaine (less than one gram-Crack Cocaine) in violation of Ohio Revised Code §2925.11(A). (Doc. # 8, Exhibit 1, Case

2

No. 2004CR1534). Wilder subsequently entered a plea of guilty and on August 25, 2004, was sentenced to five years community control. (Doc. # 8, Exhibit 2; Exhibit 2B, Transcript, pp. 8-10). Upon testifying at the trial of her co-defendant, and admitting that she was in possession of 27 grams of crack cocaine, Wilder was subsequently indicted by the September 2004 term of the Montgomery County, Ohio Grand Jury on one count of Possession of Cocaine (25 grams but less than 100 grams-crack form) in violation of R.C. §2925.11(A). (Doc. # 8, Exhibit 3, Case No. 2004CR3382.) Wilder pled not guilty to the charge. (Doc. # 8, Exhibit 4). A jury trial commenced and Wilder was found guilty of possession of crack cocaine and in a separate verdict was found guilty of possessing an amount that exceeded 25 grams but was less than 100 grams. (Doc. # 8, Exhibit 5).

Prior to sentencing and represented by new counsel, Wilder filed a motion to dismiss pursuant to Criminal Rule 29 or, in the alternative, for a new trial pursuant to Criminal Rule 33. Wilder argued that her second conviction was barred by double jeopardy. (Doc. # 8, Exhibit 6.) The trial court held a hearing on the matter and the motion to dismiss or for a new trial was overruled; the court held that the two charges were separate and distinct offenses for which she could be prosecuted. (Doc. # 8, Exhibit 9, and 10, Tr. pp. 1-4.) On March 9, 2005, Wilder was sentenced to three years incarceration. Further, the court administratively terminated Case No. 2004CR1534/2. (Doc. # 8, Exhibits 11 & 12).

### B. PETITIONER'S APPEAL

On March 14, 2005, while represented by new trial counsel, Wilder filed a notice of appeal from the entry and order overruling her motion to dismiss or for a new trial. (Doc. # 8, Exhibit 13, Case No. CA 20966.) In her brief, she presented the following assignment of error:

3

> 1. THE DEFENDANT-APPELLANT, BETTY Y. WILDER'S CONSTITUTIONAL RIGHT TO AVOID DOUBLE JEOPARDY WAS VIOLATED BY THE STATE AS THE TWO (2) CHARGES FOR CRACK COCAINE POSSESSION WERE NOT SEPARATE AND DISTINCT OFFENSES.

(Doc. # 8, Exhibit 14.) On April 21, 2006, the Montgomery County Court of Appeals issued an opinion overruling Petitioner's sole assignment of error. (Doc. # 8, Exhibit 16.)

Wilder did not pursue an appeal to the Ohio Supreme Court. (Doc. # 8, Exhibit 17A, Docket Sheet Case No. 2004 CR 3382, 17B, Docket Sheet Case No. 2004 CR 1534, 17C, Docket Sheet CA 20966). On November 15, 2006, the Ohio Supreme Court received Wilder's pro se notice of appeal from the April 21, 2006 appellate court decision which was returned because it was untimely.

### C. PETITIONER'S FEDERAL HABEAS CORPUS PETITION

Petitioner asserts the following grounds for relief:

**GROUND ONE:** DOUBLE JEOPARDY.

**Supporting FACTS:** Case #2004CR01534-2 Count 4 and Case #2004CR03382 were from the same incident of events on April 26, 2004. Betty Wilder was found guilty and convicted in both Case #CR01534-2 count 4 and Case #2004CR03382 for the same offense of possession of crack/cocaine 292511(A). Both convictions were in the State of Ohio. Jeopardy attached when Betty Wilder entered a guilty plea to Case #2004CR01534-2 count 4 when the trial court accepted the guilty plea. Case #01534-2 Count 4 and Case #2004CR03382 were not separate and distinct events with separate animus. Evidence was submitted to courts prior to Betty Wilder's testimony. The state believes Raymond Hairston to be the possessor of the subject crack/cocaine, convicting (2) separate individuals for that same offense.

**GROUND TWO:** RIGHT TO AN ATTORNEY VIOLATED.

**Supporting FACTS:** I was not permitted an attorney of my choice at my arraignment and plea at 8:30 AM on September 28, 2004. Charles Bursey was appointed my attorney after my arraignment took place. Mr. Bursey did not do any work on challenging Case # 2004CR03382. On September 28, 2004

4

pretrial status conference and scheduling conference before he accepted my case. Jeff Rezebek filed a notice of appearance of counsel on September 29, 2004. An order of appointment naming Jeff Rezebek as counsel was not filed until October 1, 2004.

**GROUND THREE:** INEFFECTIVE REPRESENTATION.

**Supporting FACTS:** During trial prior conviction was brought up, but Rezebek did not pursue that it was a conviction from the same event, same offense. I requested a motion to suppress evidence be filed, Rezebek failed to do so. I was not informed of my rights to proceed in the court system of time limits on motions by either Mr. Rezebek or Mr. Lopez. There was no testimony in my defense. Neither attorney brought up evidence that had been submitted to the courts prior to my testimony in Mr. Hairston's trial. Lopez and Associates did not appeal the 2nd District Appeal court decision to accept state brief when requested to do so. Rezebek advised "no need to go farther after being found guilty by jury." Wrong rules filed late by Lopez. Lopez advised my case would not be heard in Supreme and I could only file for judicial release.

**GROUND FOUR:** SECOND DISTRICT COURT OF APPEALS FAILURE TO FOLLOW APPELLATE PROCEDURES.

**Supporting FACTS:** The state (appellee) brief was due on or before July 14, 2005. The state (appellee) used maximum extensions. On July 15, 2005, the court granted the state (appellee) an extension up to September 12, 2005 and noted that no additional extensions would be granted "except upon showing of the most extraordinary of circumstances." The state (appellee) failed to file their brief on September 15, 2005. On September 15, 2005 (three days after brief was due) the state (appellee) requested yet another extension up to and including September 19, 2005. On September 19, 2005 the state (appellee) failed to file their brief. On September 27, 2005 the state (appellee) filed their brief over two weeks after the courts deadline of September 12, 2005 and eight days later than the courts granted extension of September 19, 2005. On October 12, 2005 the court accepted the state brief.

(Doc. # 1).

### III. ANALYSIS

#### A. PROCEDURAL DEFAULT

In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal

5

courts, a state defendant with federal constitutional claims must first fairly present those claims to the state courts for consideration before raising them in a federal habeas corpus action. *See* 28 U.S.C. § 2254(b)(1), (c)*; see also Anderson v. Harless,* 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor,* 404 U.S. 270, 275-76 (1971).

A claim is considered fairly presented if the claim has been presented to the state courts under the same theory that it was later presented for federal habeas corpus review. *Williams v. Bagley,* 380 F.3d 932, 969 (6th Cir. 2004).

A constitutional claim for relief must be presented to the state's highest court in order to satisfy the fair presentation requirement. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 845, 848 (1999); *Hafley v. Sowders,* 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall,* 757 F.2d 94, 97, 99-100 (6th Cir.), *cert. denied,* 474 U.S. 831 (1985).

If petitioner fails to fairly present his claims through to the state's highest court or commits some other procedural default relied on to preclude review of the merits of petitioner's claims by the state's highest court, and if no avenue of relief remains open or if it would otherwise be futile for petitioner to continue to pursue his claims in the state courts, the petition is subject to dismissal with prejudice on the ground that petitioner has waived his claims for habeas corpus relief. *See O'Sullivan,* 526 U.S. at 847-848; *Harris v. Reed,* 489 U.S. 255, 260-62 (1989); *McBee v. Grant,* 763 F.2d 811, 813 (6th Cir. 1985); *see also Weaver v. Foltz,* 888 F.2d 1097, 1099 (6th Cir. 1989).

In determining whether a state court rested its holding on a procedural default so as to bar federal habeas review, "the last state court rendering a judgment in the case must have based its judgment on the procedural default." *Simpson v. Jones,* 238 F.3d 399, 406 (6th Cir. 2000) (citing *Ylst v. Nunnemaker,* 501 U.S. 797, 803 (1991)); *Couch v. Jabe,* 951 F.2d 94, 96

(6th Cir. 1991). Normally, a federal habeas court will find that a petitioner procedurally defaulted if the last state court rendering a decision makes an express statement to that effect. *Harris,* 489 U.S. at 261. No such statement is necessary, however, if the petitioner failed to present the relevant issues to the state court. *Id.* at 263 n. 9; *see also Teague v. Lane,* 489 U.S. 288, 297-293 (1989). Under these circumstances, the federal court may deem the claim procedurally defaulted "if it is clear that the state court would hold the claim procedurally barred." *Harris,* 489 U.S. at 263 n.9.

If, because of a procedural default, petitioner has not had his claims considered by the state's highest court and he can no longer present his claims to the state courts, he has waived the claims for purposes of federal habeas corpus review unless he can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional errors, or that failure to consider the claims will result in a "fundamental miscarriage of justice." *Coleman v. Thompson,* 501 U.S. 722, 750 (1991); *see also Murray v. Carrier,* 477 U.S. 478, 485 (1986); *Engle v. Isaac,* 456 U.S. 107, 129 (1982); *Wainwright v. Sykes,* 433 U.S. 72, 87 (1977).

A "fundamental miscarriage of justice" occurs only in the "extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray,* 477 U.S. at 495-96; *see also Schlup v. Delo,* 513 U.S. 298, 327 (1995).

**B. GROUNDS ONE THROUGH THREE OF THE PETITION ARE PROCEDURALLY DEFAULTED**

Regardless of which avenue of appeal a convicted defendant takes in state court, he must properly raise his claims under Ohio procedural rules in both the Ohio Court of Appeals and the Ohio Supreme Court. "'[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established

7

appellate review process.'" *Williams v. Bagley*, 380 F.3d 932, 967 (6th Cir. 2004)(quoting *O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999).

### Ground One

Wilder asserts double jeopardy in Ground One of her petition. She presented this claim to the Montgomery County Court of Common Pleas and then to the Court of Appeals. The Court of Appeals noted that the motion for acquittal was not filed within 14 days of the jury's dismissal, and that a motion for new trial was inappropriate, but it proceeded to review the merits of Wilder's double jeopardy claim. Wilder committed a procedural default of her double jeopardy claim when she failed to pursue her claim to the Ohio Supreme Court in a timely manner. Petitioner failed to file an appeal to the Ohio Supreme Court to give that court an opportunity to review her claim. Upon these facts Petitioner waived her claim and thus committed a procedural default.

The Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a habeas claim is precluded by procedural default. *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). First the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule. Second, the court must decide whether the state courts actually enforced the state procedural sanction. If the petitioner failed to present the claim at all, the second part of the test is satisfied. Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim. And fourth, once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate that

there was "cause" for him not to follow the procedural rule and that he was actually "prejudiced" by the alleged constitutional error.

Wilder's claim in Ground One is procedurally defaulted so the State may foreclose review of the claim on habeas review because the default satisfies the four part criteria of *Maupin v. Smith, supra*. First, there is a procedural rule that requires timely filing of appeals to the Ohio Supreme Court from the Courts of Appeal of Ohio. Ohio Sup.Ct. Rule II, Sec. 2(A)(1)(a). That rule requires that an appeal be filed within 45 days of the lower court judgment, in this case by June 5, 2006. Wilder did not file an appeal and present her claim at all so the second part of the Maupin test is met. As to the third part, federal courts have long held that state court rules requiring timely filing are an adequate and independent basis upon which the State may rely to foreclose review of federal claims. *See Coleman v. Thompson*, 501 U.S. 722 (1991).

Because Wilder procedurally defaulted her claim in the state courts, she must demonstrate both "cause" and "prejudice" to overcome the default. In this case, Wilder has yet to assert any persuasive cause for her default. See *Murray v. Carrier, supra*. Neither has she established that she was prejudiced by the Ohio Supreme Court's failure to review her claim on the merits. In fact, Wilder cannot likely demonstrate that she was prejudiced since the state Court of Appeals gratuitously reviewed her double jeopardy claim on the merits and concluded that no double jeopardy violation occurred.

Ground One must therefore be dismissed as procedurally defaulted.

**Grounds Two and Three:**
Petitioner's claims in Grounds Two and Three are also procedurally defaulted because

she has not presented those claims at all in any state court. In Ground Two, Wilder asserts that she was denied her right to counsel at her arraignment on September 28, 2004. Though the trial court entered a not guilty plea for her at the arraignment, Wilder complains that no attorney was appointed until October 1, 2004. In Ground Three, she argues that she was not provided with effective assistance of trial counsel because counsel did not pursue the double jeopardy claim during the trial, failed to advise her about appeal time limits, failed to call witnesses in her defense, failed to appeal the appellate court's decision to permit the State to file its untimely brief, and failed to properly advise her about an appeal to the Ohio Supreme Court. Wilder made no attempt to present any of these claims to the state courts.

      If the petitioner relies on ineffective assistance of counsel to establish the cause for not previously asserting the substantive claims at an earlier opportunity in the state courts, the ineffective assistance of counsel claim would have to first be presented to the state courts before a federal court can address the substantive claims in the petition. *Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000); *Lancaster v. Adams*, 324 F.3d 423, 437-38 (6th Cir.), *cert. denied*, 540 U.S. 1004 (2003); *Ewing v. McMackin*, 799 F.2d 1143, 1149-50 (6th Cir. 1986) (quoting *Murray v. Carrier*, 477 U.S. 478, 489 (1986)). Therefore these claims are procedurally defaulted and are not properly before this federal court for a merits review unless Wilder can establish both cause and prejudice for her failure to present the claims in state court. This she has failed to do.

      Though defaulted, it is clear that none of these claims have merit. First, Wilder's trial counsel did in fact pursue her claim of a double jeopardy violation by filing, prior to sentencing, a motion for acquittal/or for new trial before the trial court. Though filed late, the trial court did not dismiss it as untimely but ruled on the merits. Second, her claim that her trial counsel failed

to advise her about appeal time limits should not warrant relief since an appeal on her double jeopardy claim was timely filed by her different new trial/appeal counsel. Though her new trial/appeal counsel could also have advised her to file a direct appeal of her conviction, under Ohio R.App.P. 4 (timely) or under Ohio R.App.P.5(a) (delayed), it is clear that at the time of her conviction her complaints pertained solely to an alleged double jeopardy violation, which claim was heard in the trial court and court of appeals. Third, her claim that her appeal counsel should have challenged the appellate court's decision to permit the State to file an untimely brief would not likely warrant relief since the filing of the brief had no prejudicial effect on the court's decision to affirm her conviction. Fourth, her complaint that her trial counsel failed to call witnesses on her behalf would not warrant relief since Wilder herself testified that she purchased the crack cocaine that resulted in her conviction. No witness could have successfully contradicted her own testimony. Fifth and last, her complaint that she was poorly advised about her rights to file a further appeal to the Ohio Supreme Court, an appeal to the Ohio Supreme Court would have likely produced the same result reached by the Court of Appeals. At any rate, Wilder failed to present any of these claims of attorney error to the state courts. See *Strickland v. Washington*, 466 U.S. 668 (1984) (petitioner must show that her attorney performed deficiently and that she was prejudiced).

     **C.    HER CLAIM IN GROUND FOUR IS NOT SUBJECT TO REVIEW IN HABEAS CORPUS SINCE IT CHALLENGES HER CONVICTION UNDER STATE LAW ONLY AND FAILS TO PRESENT A FEDERAL QUESTION.**

Wilder alleges in Ground Four that the state court of appeals should not have permitted the State to file an untimely brief in her appeal; she complains that the Court of Appeals failed to follow its procedural rules. Ground Four is not subject to review in this court because Wilder's complaint herein is based on state, not federal, law.  Federal habeas corpus is available only to correct wrongs of constitutional dimension. 28 U.S.C. §2254(a); *Smith v. Phillips*, 455 U.S. 209, 102 S. Ct. 940, 71 L. Ed. 2d 78 (1982), *Barclay v. Florida,* 463 U.S. 939, 103 S. Ct. 3418, 77 L. Ed. 2d 1134 (1983).  "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions.  In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991).  Whereas an appellate court on habeas review decides federal law questions de novo..., the federal reviewing court is generally bound by state court interpretations of state law.  *Caldwell v. Russell*, 181 F. 3d 731, 735-36, (6th Cir. 1999).  Wilder's complaint therefore that the Court of Appeals failed to follow its own procedural rules under state law fails to present a complaint under the federal constitution.  Because state courts are the final authority on state law, see *Hutchison v. Marshall,* 744 F.2d 44, 46 (6th Cir. 1984), federal courts must accept a state court's interpretation of its statutes and its rules of practice.  *Duffel v. Dutton,* 785 F.2d 131, 133 (6th Cir. 1986).  Consequently, the state court in this case may not be second-guessed by a federal court on its decision to permit the filing of the brief. Ground Four should be dismissed as not cognizable in federal habeas corpus.

### D. EVEN ASSUMING PETITIONER'S DOUBLE JEOPARDY CLAIM IS NOT PROCEDURALLY DEFAULTED, IT LACKS MERIT

Because Wilder filed her petition after April 24, 1996, the Antiterrorism and Effective Death Penalty Act, P.L.104-132, 110 Stat. 1214 (1996) ("AEDPA"), applies to set the standard for federal habeas review under 28 U.S.C. § 2254. The AEDPA amended the standard of review set forth in 28 U.S.C. § 2254(d) to provide:

> An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of the state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Furthermore, amended subsection (e)(1) reads as follows:

> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

The United States Supreme Court in *Williams v. Taylor,* 529 U.S. 362 (2000) interpreted this statute, specifically addressing the distinction between decisions "contrary to" and involving an "unreasonable application" of clearly established federal law. The Court explained that a state court decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." *Id.* at 412-13.

In contrast, a state court decision involves an unreasonable application of clearly established federal law (1) if the state court identifies the correct legal standard but unreasonably applies it to the facts of the case, or (2) if the state court either unreasonably

13

extends a legal principle from Supreme Court precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply. *Id*. at 407-408. The reasonableness inquiry is an objective one; it does not involve a subjective inquiry into whether or not reasonable jurists would all agree that the state court's application was unreasonable. *Id* at 409-410. In order for the writ to issue, the state court's application of such law must be "objectively unreasonable" in light of the holdings, as opposed to the dicta, of the Supreme Court's decisions as of the time of the relevant state court decision. *Id.* at 409. A federal habeas court may not find a state adjudication unreasonable "simply because that court concludes in its independent judgment that the relevant decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411. "Rather, that application must also be unreasonable." *Id. See also McGhee v. Yukins,* 229 F.3d 506 (6th Cir. 2000).

The Montgomery County Court of Appeals found that there was no double jeopardy violation. Petitioner has failed to show how the decision of the state court was unreasonable under the AEDPA standard of review. The Court of Appeals held:

> [*P9] We will, ***, briefly address the merits of Wilder's double jeopardy argument, since her written motion seeks dismissal. The *Double Jeopardy Clause of the Fifth Amendment* provides that no person "shall be subject for the same offense to be twice put in jeopardy of life or limb." The *Fourteenth Amendment* makes the *Double Jeopardy Clause* applicable to the states. *Section 10 of Article I of the Ohio Constitution* provides that "no person shall be twice put in jeopardy for the same offense."
>
> [*P10] "To sustain a plea for former jeopardy it must appear:
>
> (1) That there was a former prosecution in the same state for the same offense; (2) that the same person was in jeopardy on the first prosecution; (3) that the parties are identical in the two prosecutions; and (4) that the particular offense, on the prosecution of which the jeopardy attached, was such an offense as to constitute a bar." *State v. Best,* 42 Ohio St.2d 530, 533, 330

14

N.E.2d 421. [³]

> [*P11] We agree with the trial court that Wilder's possession of the 27 grams of cocaine was a separate and distinct offense from the possession of the one gram of cocaine retrieved from her pocket. Wilder had actual possession of the one gram of cocaine in her pocket. The State lacked evidence to establish Wilder's constructive possession of the distinct 27 grams of cocaine retrieved from the console until she admitted at Hairston's trial that she alone purchased the 27 grams of cocaine earlier that day. Wilder's subsequent indictment and trial was not for the same offense that gave rise to her guilty plea. Each possession charge stemmed instead from distinct acts on the part of Wilder, thus her actual physical possession of one gram of cocaine in her pocket did not bar her prosecution for constructive possession of the 27 grams in the console. Because Wilder's offenses in the two cases were separate and distinct, with separate animus as to each, the trial court did not violate her constitutional right to avoid double jeopardy in overruling her motion for a new trial/dismissal. Wilder's sole assignment of error is overruled. Judgment affirmed.

*State v. Wilder*, 2006 Ohio 1975, 2006 Ohio App. LEXIS 1803.

The Double Jeopardy Clause of the United States Constitution affords a defendant three basic protections: it protects against a second prosecution for the same offense after acquittal, it protects against a second prosecution for the same offense after conviction, and it protects against multiple punishments for the same offense. *Brown v. Ohio*, 432 U.S. 161, 165, 97 S. Ct. 221, 53 L. Ed. 2d 187,(1977), quoting *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S. Ct. 2072, 23 L. Ed. 2d 656 (1969). The test for whether two offenses constitute the same offense is "whether each offense contains an element not contained in the other." *United States v. Dixon*,

---

3

*State v. Best*, follows *Blockburger v. United States*, 284 U.S. 299 (1932), the relevant United States Supreme Court precedent; the Ohio Supreme Court so acknowledged in the syllabus in *Best*, saying:

"3. The applicable rule under the Fifth Amendment is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of a fact which the other does not. A single act may be an offense against two statutes, and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other. (*Blockburger v. United States,* 284 U.S. 299 [1932] and *Duvall v. State*, 111 Ohio St. 657 (1924) [defining "same offense" under Ohio law], followed.)"

15

509 U.S. 688, 113 S. Ct. 2849, 2856, 125 L. Ed. 2d 556 (1993); *Blockburger v. United States*, 284 U.S. 299, 52 S. Ct. 180, 76 L. Ed. 306 (1932).

When Petitioner's two convictions are considered under the Double Jeopardy Clause, it is plain that they pass constitutional muster. Wilder has set forth no persuasive argument in her petition as to why the decision of the state was either incorrect or unreasonable.

### E. CONCLUSION

Petitioner has failed to demonstrate any constitutional error in her conviction. Her Petition should be dismissed with prejudice. Because reasonable jurists would not disagree with these conclusions, she should be denied permission to appeal *in forma pauperis* and any requested certificate of appealability.

**IT IS THEREFORE RECOMMENDED THAT**:

1. Petitioner Betty Wilder's Petition for Habeas Corpus (Doc. # 1) be DISMISSED with prejudice,

2. Petitioner should be denied permission to appeal *in forma pauperis* and any requested certificate of appealability; and,

3. The case be terminated on the docket of this Court.


January 8, 2008                                                s/ Sharon L. Ovington
                                                               Sharon L. Ovington
                                                               United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).